UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANNA H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00150-SEB-MPB |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON**
**APPROPRIATE DISPOSITION OF THE ACTION**

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to its appropriate disposition. (Docket No. 8). Plaintiff Dianna H.[1] seeks judicial review of the Social Security Administration's final decision deeming her ineligible for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The matter is fully briefed. (Docket No. 15, Docket No. 21, Docket No. 24). It is recommended that the District Judge **REMAND** the decision of the Deputy Commissioner of the Social Security Administration finding that Plaintiff Dianna H. is not disabled, pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration, consistent with this opinion.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and the Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

## Introduction

Plaintiff, Diana H., protectively filed her applications for Title II and Title XVI on November 12, 2014, and November 25, 2014, for disability and disability insurance benefits, alleging disability beginning February 23, 2012. (Docket No. 6-6 at ECF pp. 223-229; 230-236). Her claims were initially denied on February 2, 2015 (Docket No. 6-4 at ECF p. 118-126; 127-135), and upon reconsideration on May 7, 2015. (Docket No. 6-4 at ECF pp. 138-144; 145-151). Administrative Law Judge Belinda Brown (the "ALJ") held a hearing on February 8, 2017, at which Dianna H., represented by counsel, and a vocational expert ("VE"), Stephanie R. Archer, appeared and testified. (Docket No. 6-2 at ECF pp. 45-68). On February 27, 2017, the ALJ issued an unfavorable decision. (Docket No. 6-2 at ECF pp. 13-28) The Appeals Council denied review on November 14, 2017. (Docket No. 6-2 at ECF pp. 1-7). On January 18, 2018, Dianna H. timely filed this civil action, asking the Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Deputy Commissioner denying her benefits.

## Standard for Proving Disability

To prove disability, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Plaintiff is disabled if her impairments are of such severity that she is not able to perform the work she previously engaged in and, if based on her age, education, and work experience, she cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3)(B). The Social Security Administration ("SSA") has implemented these statutory

standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if she is, then she is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe. If they are not, then she is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then her residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite her impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform her past relevant work, then she is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his vocational profile (age, work experience, and education) and her RFC. If so, then she is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the

3

Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given her age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## **Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. This Court must affirm the ALJ's decision unless it lacks the support of substantial evidence or rests upon a legal error. *See, e.g.*, *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); 42 U.S.C. § 405(g). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ—not the Court—holds discretion to weigh evidence, resolve material conflicts, make independent factual findings, and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399-400 (1971). Accordingly, the Court may not re-evaluate facts, reweigh evidence, or substitute its judgment for the ALJ's. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made. The ALJ must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I. The ALJ's Sequential Findings

Dianna H. was 50 years of age at the time she applied for DIB and SSI alleging she could no longer work. (Docket No. 6-7 at ECF p. 256). Dianna H. completed four or more years of college. (Docket No. 6-7 at ECF p. 261). Plaintiff last engaged in substantial gainful activity in 2009 when she earned $6,449.58, working at Payday Loans. (Docket No. 6-6 at ECF p. 249). Plaintiff has also worked as an accounts payable clerk. (Docket No. 6-7 at ECF p. 261).

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a) and 416.920(a) and ultimately concluded that Dianna H. was not disabled. (Docket No. 6-2 at ECF p. 23). The ALJ found that Dianna H. met the insured status requirement for DIB through December 31, 2014.[2] (Docket No. 6-2 at ECF p. 18). At step one, the ALJ found that Dianna H. had not engaged in substantial gainful activity.[3] (Docket No. 6-2 at ECF p. 18). At step two, the ALJ found that she had the following severe impairments: "morbid obesity, degenerative disc disease, and foraminal narrowing of the lumbar spine, and osteoarthritis of the bilateral knees (20 CFR 404.1520(c) and 416.920(c))." (Docket No. 6-2 at ECF p. 18). At step three, the ALJ found that she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Docket No. 6-2 at ECF p. 20). After step three, but before step four, the ALJ concluded:

---

[2] A claimant must have disability insured status when they become disabled; Dianna H. must prove the onset of disability on or before the date she last met the insured status requirements (the date last insured or "DLI") to be eligible for benefits. *See* 20 C.F.R. § 404.131. All of the ALJ's subsequent findings were limited to the applicable period at issue, beginning with Dianna H.'s alleged onset date through her DLI.

[3] Substantial gainful activity is defined as work activity that is both substantial (i.e., involves significant physical or mental activities) and gainful (i.e., work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can stand for two hours and walk for two hours. She can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can occasionally balance and stoop, but can never kneel, crouch or crawl. She cannot work at unprotected heights or around moving mechanical parts or operate a motor vehicle. She can have occasional vibrations.

(Docket No. 6-2 at ECF p. 20).

At step four, the ALJ concluded, relying on the testimony of the VE and considering Dianna H.'s RFC, that she was capable of performing her past relevant work as an accounts payable clerk and a check cashier. (Docket No. 6-2 at ECF pp. 22-23). Thus, the ALJ did not make a Step five finding and concluded that Dianna H. was not disabled at Step four.

## II. **Review of Plaintiff's Assertions of Error**

### A. Consultative Examiner

Dianna H. argues that the ALJ's reasoning for dismissing the disabling opinion of the consultative examiner was perfunctory, which resulted in stand/walk and lifting limitations that were erroneously rejected by the ALJ. (Docket No. 15 at ECF pp. 11-14). Dianna H. further argues that if Dr. Saddoris's limitations had been adopted into the ALJ's RFC and the hypothetical questions to the vocational expert, the vocational witness reasonably could have opined these more restrictive limitations precluded Plaintiff's ability to perform her past relevant work. *Id.*

The Commissioner argues that the ALJ did not err because Dr. Saddoris's opinion encroached on the ultimate issue of disability, which is specifically reserved to the Commissioner; the ALJ appropriately explained Dr. Saddoris's opinion deserved "little weight"

6

because she "relied heavily" on Plaintiff's subjective reports; and the ALJ provided other reasons for discounting the CE's opinion. (Docket No. 21 at ECF pp. 8-11).

Regarding medical opinions, SSR 96-8 requires that that the "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p (S.S.A. July 2, 1996), 1996 WL 374184 at *7. The agency's regulations require an ALJ to weigh opinion evidence, "[r]egardless of its source," with consideration of several factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability ("we will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim"), consistency, and specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). To enable a meaningful review, the ALJ must build a logical and accurate bridge between evidence and conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).

Here, the ALJ granted "little weight" to the opinion of the consultative examiner, Dr. Theodora Saddoris, who opined Plaintiff's chronic lower back pain is aggravated by sitting, standing, or walking more than 15-20 minutes and that Plaintiff is limited in only lifting 10 pounds, not repetitively, and carrying it a short distance (100 feet maximum). (Docket No. 6-11 at ECF p. 4). Dr. Saddoris concluded that "[t]his would make it difficult for her to be employed because of her need to constantly be moving." *Id.* The ALJ assigned Dr. Saddoris's opinion "little weight," concluding that she heavily relied on the subjective report of symptoms and limitations provided by the claimant and her own exam, as well as other evidence, did not support the extreme limits that Dianna H. reported. (Docket No. 6-2 at ECF p. 23).

7

"As a general rule, an ALJ is not required to credit the agency's examining physician in the face of a contrary opinion from a later reviewer or other compelling evidence." *Beardsley v. Colvin*, 758 F.3d 834, 835 (7th Cir. 2014). "But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Id.*, *citing Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) ("An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record[.]").

The Court is not persuaded that the ALJ was permitted to assign Dr. Saddoris's opinion "little weight" because she "encroached on an issue reserved for the commissioner" by commenting that Plaintiff's need to be constantly moving "would make it difficult for her to be employed." (Docket No. 21 at ECF p. 9). While it is true that the question of disability is one reserved for the Commissioner, not only did the ALJ not raise this as a basis for assigning Dr. Saddoris's opinion little weight, but also Dr. Saddoris did assess specific functional limitations that needed to be adopted or dismissed based on a "good" explanation. Dr. Saddoris's comment regarding employment was one small section of her opinion.

The Court finds that the ALJ did not provide a valid explanation for the weight she assigned to Dr. Saddoris's opinion. The ALJ concluded, without explanation, that "Dr. Saddoris'[s] opinion is given little weight, as [s]he apparently relied heavily on the subjective report of symptoms and limitations provided by the claimant. However, [her] own exam, as well as other evidence, does not support the extreme limits that the claimant reported." (Docket No. 6-2 at ECF p. 23) (internal citations omitted). A doctor's opinion may be discounted if it is based upon the claimant's subjective complaints rather than objective medical evidence. *Ketelboeter v.*

8

*Astrue*, 550 F.3d 620, 625 (7th Cir. 2008). Yet, the ALJ does not point to any specific evidence to suggest that Dr. Saddoris's opinion was based solely on Plaintiff's subjective complaints. While there is some evidence that the consultative examiner incorporated portions of Plaintiff's subjective complaints—i.e., that her back pain was exacerbated by sitting, standing, and walking for more than 15 minutes at a time—other evidence leads to the conclusion that Dr. Saddoris's opinion was also supported by objective evidence, including her own examination. For instance, Dr. Saddoris observed absent reflexes in both of Dianna H.'s knees, wide-based and slow gait, and diminished range of motion in the cervical spine, lumbar spine, and right hip. (Docket No. 6-11 at ECF pp. 528-529). Dr. Saddoris also indicated, on exam, Plaintiff was unable to walk on her heels, and in tandem, Plaintiff did about two steps, but was very wobbly. *Id.* On this record, the ALJ's explanation lacked a logical and accurate bridge between the evidence and the conclusion that Dr. Saddoris's opinion was based mostly on the Plaintiff's subjective understanding of her condition. This case is also distinguishable from those relied on by the Commissioner for this argument. *See Ghiselli v. Colvin*, 837 F.3d 771, 776 (7th Cir. 2016) (noting repeated notes by treating physician limiting Plaintiff to 4-hour shift were not linked to any medical diagnosis or reference to objective medical evidence and, thus the "record reveals little support for the effects from which [Plaintiff] claimed to suffer other than her own subjective complaints"); *Rice v. Barnhart*, 384 F.3d 363, 370-71 (7th Cir. 2004) (noting doctor's clinical findings were negative; therefore, doctor's limitations were presumably based upon Plaintiff's subjective complaints); *Butera v. Apfel*, 173 F.3d 1049, 1057 (7th Cir. 1999) (noting ALJ properly discounted physician's opinion where, among other reasons, physician expressly stated it was, in part, based on Plaintiff's subjective complaints).

Moreover, the ALJ did not provide an explanation why Dr. Saddoris's examination and other evidence does not support Dr. Saddoris's opinion. In addition to Dr. Saddoris's examination, summarized above, the record also contains further support for Dr. Saddoris's limitations in standing/walking, sitting, and lifting: significant right hip weakness ([Docket No. 6-10 at ECF p. 483](#)); knee weakness ([Docket No. 6-10 at ECF p. 483](#)); symmetrically depressed reflexes ([Docket No. 6-8 at ECF p. 322](#)); limping gait ([Docket No. 6-8 at ECF p. 321](#)); cervical spasms, thoracic and lumbar spasms ([Docket No. 6-8 at ECF p. 321](#)); inability to walk on heels, toes, or squat ([Docket No. 6-8 at ECF p. 322](#)); crepitation of bilateral knee ([Docket No. 6-8 at ECF p. 344](#)); positive Clarke sign ([Docket No. 6-8 at ECF p. 344](#)); and lower extremity numbness ([Docket No. 6-10 at ECF p. 483](#)). The difficulty with the ALJ's conclusory rationale is that it fails to build the requisite bridge from the evidence to the ALJ's conclusion and is, therefore, unsupported by substantial evidence, requiring remand for further consideration.

### B. Pain Medication Side Effects

Because we recommend remanding the case to the Commissioner we need not discuss Dianna H.'s second contention in detail; although, we will discuss it briefly. Dianna H. argues that the ALJ failed to provide a logical and accurate bridge between the medical evidence and her conclusion Plaintiff's medication side effects did not merit any limitations within the residual functional capacity analysis. ([Docket No. 15 at ECF p. 15](#)). Specifically, Dianna H. argues the ALJ erred in failing to incorporate her allegations of occasional dizziness and drowsiness from her medications as part of her RFC or in presenting hypothetical questions to the vocational expert. *Id.*

The Commissioner argues that Plaintiff waived this challenge to the ALJ's hypothetical questions because she was represented by counsel at the hearing and failed to ask the VE about

10

any additional limitations related to her alleged side effects. (Docket No. 21 at ECF p. 11). Even absent waiver,[4] the Commissioner argues that Plaintiff does not identify any additional limitations that the ALJ should have included and Plaintiff's own testimony undermines her argument that additional limitations should have been included. (Docket No. 21 at ECF p. 12).

In assigning a Residual Functional Capacity, the ALJ must consider the claimant's testimony, the objective medical evidence, and opinions from medical sources. 20 C.F.R. § 404.1545(3). Additionally, when questioning a vocational expert, an ALJ is required to orient the witness to the totality of a claimant's limitations. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010); *Simila v. Astrue*, 573 F.3d 503, 520 (7th Cir. 2009); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004). The hypothetical question to the VE "must fully set forth the claimant's impairments to the extent that they are supported by the medical evidence in the record." *Herron v. Shalala*, 19 F.3d 329, 337 (7th Cir. 1994).

With regards to Dianna H.'s pain medications, the ALJ stated:

> As to the type, dosage, effectiveness, and side effects of medications, the claimant reported that she is prescribed hydrocodone 7.5-32mg, Meloxicam 15mg, Neurontin 600 mg, and Synthroid 100mg (Ex. B11E). She testified that she has side effects of as sleepiness and dizziness; however, she admitted that are effective relief (hearing transcript). Therefore, the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken is not inconsistent with the above residual functional capacity.

(Docket No. 6-2 at ECF pp. 21-22).

---

[4] Because remand is recommended on a separate issue, the undersigned finds waiver—even if applicable—to be inappropriate on this second issue.

11

Given the recommendation to remand the case, we need not and do not hold that the ALJ's findings regarding Plaintiff's side effects were not supported by substantial evidence. We do note, however, that the ALJ could have done a better job developing the record. The ALJ apparently discounted Plaintiff's testimony regarding her "side effects of sleepiness and dizziness," because she also admitted that her medications provide effective relief. (Docket No. 6-2 at ECF p. 22). Without further explanation from the ALJ this rationale is flawed in that it equates the efficacy of Plaintiff's pain medication in relieving her pain with a conclusion it did not also cause sleepiness and dizziness. Of course, a medication's efficacy does not necessarily preclude its side effects.

## Conclusion

For all these reasons, the Magistrate Judge recommends that the Court grant Plaintiff's brief in support of appeal (Docket No. 15) and that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration, consistent with this opinion.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED** the 7th day of January, 2019.

_Matthew P. Brookman_
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.